411 A.2d 1244
**COMMONWEALTH of Pennsylvania**

v.

**Jerome BOYKIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.
Filed Oct. 12, 1979.
Reargument Denied Jan. 17, 1980.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

VAN der VOORT, Judge:

This case involves defendant's appeal from an order of the Common Pleas Court of Philadelphia County entered on April 17, 1978 revoking a parole on a sentence ordered by Judge Doty on October 23, 1975.

The defendant's appeal is based upon his claim that the revocation of his parole is invalid because it is contrary to the specific language of Rule 1409, Pa.R.Cr.P. which states:

> Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held *as speedily as possible* . . . . (Emphasis added)

The following is the pertinent chronology:

February 20, 1975—Defendant found guilty of burglary and theft, and placed on three years probation.

October 23, 1975—Hearing on violation of probation before Judge Doty. Probation revoked, and defendant sentenced for 3 to 23 months in County Prison with credit for time served from July 18, 1975. Same day defendant paroled to Drug Unit. (The sentence would normally have expired on June 18, 1977).

April 4, 1977—Defendant was found guilty before Judge Smith of unlawful restraint; possession of an instrument of crime; and indecent assault.

April 20, 1977—Defendant was found guilty before Judge Smith of Rape and Involuntary Deviate Sexual Intercourse.

November 28, 1977—Defendant was sentenced to 10 to 20 years under the Rape and related charges.

January 9, 1978, continued to January 13, 1978, hearing before Judge Gafni for violation of parole imposed by Judge Doty on October 23, 1975. Parole revoked and sentence reimposed.

February 1, 1978—Petition by defendant for reconsideration of above sentence for alleged violation of Rule 1409, specifically that the delay of 8½ months between April 20, 1977 when defendant was adjudged guilty of Rape and related charges and January 9, 1978, the hearing on revocation, was not "as speedily as possible" as required by Rule 1409.

Judge Doty ruled that there was no violation of Rule 1409. His opinion is in part as follows:

Pennsylvania Rule of Criminal Procedure 1409 provides in pertinent part that parole shall not be revoked unless there has been a revocation hearing held "as speedily as possible." For purposes of the Rule, the date of entry of a verdict or guilty plea provides the necessary information to begin the revocation process. *Commonwealth v. Williams* [254 Pa.Super. 202], 385 A.2d 979 (1978).

The sole question which arises in cases of this type is whether the delay from the date of conviction or plea to the date of the revocation hearing was "reasonable." In assessing reasonableness, a court is to consider the length of and reasons for the delay, as well as any prejudice inuring to the defendant. *Commonwealth v. Jones* [250 Pa.Super. 116], 378 A.2d 481, 482–83 (1977).

In the present case, appellant's parole revocation hearing was held some eight and one-half months after his adjudication of guilty. Although a delay of a little over five months was deemed unreasonable in *Commonwealth v. White*, 218 Pa.Super. 188 [, 279 A.2d 768] (1971), neither Rule 1409 nor case law has established any point in time beyond which delay in revocation proceedings is unreasonable, per se, *Commonwealth v. Jones*, supra [378 A.2d] at 483; *Commonwealth v. Waters* [252 Pa.Super. 357] 381 A.2d 957, 959 (Pa.Super.1976).

In evaluating the reason for the delay and prejudice to the defendant, a deliberate attempt to delay the revocation hearings weighs heavily against the prosecution. A neutral reason, such as negligence or overcrowded courts, weights less heavily but should be considered, since ultimate responsibility for such circumstances must rest with the prosecution rather than the defendant. Finally, a valid reason, such as a missing witness, will justify a delay. *Commonwealth v. Jones,* supra [378 A.2d] at 483, citing *Barker v. Wingo,* 407 U.S. 514, 531 [92 S.Ct. 2182, 2192, 33 L.Ed.2d 101] (1972).

The reason for the delay in the instant case was administrative policy of the Probation Department (N.T. 13). Because the delay resulted from factors within the Commonwealth's exclusive control, the case falls into the second, or neutral category. Considering a delay in revocation proceedings caused by the same administrative policy present in the instant case, the Superior Court noted in *Commonwealth v. Jones,* Supra [378 A.2d] at 483, that even though the procedure causing the delay is incorrect, 'the fact remains that the case was not delayed as a harassing tactic' and, therefore, the delay is not thereby rendered prejudicial. Furthermore, this court notes that the record is silent as to any requests by appellant for a prompt hearing.

The final factor to be considered is prejudice resulting from the delay. Here, there is no intimation of any lost evidence. The appellant was not subject to any unnecessary incarceration due to the delay because his confinement in no way derived from the revocation proceedings; rather, he was imprisoned by Judge Smith on charges of Involuntary Deviate Sexual Intercourse and Rape. Where a defendant is in custody because of a second criminal conviction and not simply because of a prima facie showing of a parole violation, the interest in providing a prompt revocation hearing to avoid the incarceration of an innocent person is substantially reduced, *Commonwealth v. Holmes* [248 Pa.Super. 552], 375 A.2d 379 (1977).

Appellant's sole claim of prejudice is that he was denied the possibility of concurrent sentences because the delay extended his parole six months beyond the original term. Pa.C.S.A. 61 § 331.21(a) [61 P.S. § 331.21a], concerning commission of a crime, or other violations, during parole states that:

> (a) If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

Accordingly, appellant's assertion that he was denied the possibility of serving concurrent sentences is without merit, as the above-cited statute unequivocally forbids such procedure.

We are of the opinion in this present case that the delay of 8½ months from April 4, 1977, when appellant was found guilty of a crime, and from April 20, 1977, when he was found guilty of other crimes, to January 9, 1978, when a violation of parole hearing was set, without any explanation by the Commonwealth other than "an Administrative policy" (N.T. Hearing January 13, 1978, page 11), is too long a delay to come within the requirement of Rule 1409 that the hearing be held as speedily as possible.

The precedents on this legal problem seem to depend, as they should, on the facts in each specific case. The present case is similar to *Commonwealth v. Jones*, 242 Pa.Super. 558, 364 A.2d 414 (1976), *Commonwealth v. Darby*, 244 Pa.Super. 331, 368 A.2d 746 (1976), where delays of 8 or 9 months without reasonable explanation were considered to be too lengthy delays.

The order is reversed.

WIEAND, J., dissents.