419 A.2d 674

**COMMONWEALTH of Pennsylvania**

v.

**Wendell JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1980.

---

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Wendell Johnson, appellant, plead guilty to burglary in the Court of Common Pleas of Philadelphia on June 21, 1973.

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

He was placed on probation for five years conditioned on receiving inpatient drug therapy. Johnson satisfied the condition.

In October of 1976, Johnson asked permission to move to San Diego, California, to live with his sister, his brother, and his brother–in–law. The permission was granted, and Johnson moved to that state. His probation supervision was assumed by the San Diego Probation Department.

On May 19, 1977, Johnson was arrested in California and charged with two counts of rape and two counts of robbery. Bail was fixed at one hundred thousand dollars, and Johnson remained incarcerated. On June 1, 1977, the Commonwealth of Pennsylvania lodged a probation detainer against Johnson with the State of California.

On September 30, 1977, Johnson was convicted in California of the rape and robbery charges. On October 26, 1977, Johnson was sentenced to an aggregate of sixteen years to life imprisonment.[1]

On December 13, 1977, Johnson requested a speedy violation of probation hearing in Pennsylvania. On May 5, 1978, Johnson was returned to Pennsylvania by California authorities. On May 24, 1978, the hearing was held in the Court of Common Pleas of Philadelphia.

Following the hearing, the court determined Johnson's new convictions in California constituted a violation of probation, revoked the Pennsylvania probation, and imposed a judgment of sentence of ten to twenty years imprisonment consecutive to the California judgments.

A petition to reconsider was filed, and a hearing was held on June 22, 1978. At this hearing, Johnson asserted his right to a speedy hearing under Pa.R.Crim.P. 1409 had been denied. The court disagreed and denied the petition. This appeal is from the judgment of sentence imposed in Pennsylvania after revocation of probation.

1. The sentence was subsequently recomputed in accordance with California's Determinate Sentencing Code, effective July 1, 1977, to eight years and four months imprisonment.

The sole issue presented is whether, under the circumstances, Johnson's right to a speedy hearing under Pa.R. Crim.P. 1409 was denied. Pa.R.Crim.P. 1409, in pertinent part, provides:

"Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible . . . ."

In discussing this rule, this court has said:

" 'The requirement of a speedy revocation hearing embodied in the Rule is nothing more than a restatement of the doctrine developed by our courts that a revocation hearing must be held with "reasonable promptness" after probation officials know or reasonably should have known of the violation.' *Commonwealth v. Lipton*, 238 Pa.Super. 124, 135–36, 352 A.2d 521, 526 (1975) (dissenting opinion by Hoffman J.); see also *Commonwealth v. Holmes*, [248 Pa.Super. 552, 375 A.2d 379 (1977)]; *Commonwealth v. Parker*, 244 Pa.Super. 113, 366 A.2d 941 (1976). 'Where the alleged violation consists of the commission of another crime during the original period of probation or parole, "[i]t is sufficient that the court which imposed the probation [or parole] should act promptly after the [conviction] . . . ." ' *Commonwealth v. Holmes*, supra, 248 Pa.Super. at 557, 375 A.2d at 381 quoting *Commonwealth v. Duff*, 201 Pa.Super. 387, 395, 192 A.2d 258, 262 (1964). "The sole question in every case of this type is whether the delay from the date of conviction to the date of revocation was reasonable. *Commonwealth v. Parker*, supra. In assessing reasonableness, we must consider the length of the delay, the reasons for the delay and the prejudice to the defendant. *Commonwealth v. Holmes*, supra; *Commonwealth v. Lipton*, supra; *Commonwealth v. Duff*, supra."

*Commonwealth v. Waters*, 252 Pa.Super. 357, 360–61, 381 A.2d 957, 958–59 (1977).

The delay involved instantly is seven months and twenty–four days. No explanation for this delay was presented to

the trial court; hence, the record is devoid of any explicit reasons for the delay.[2] But, the record does establish that Johnson was arrested, convicted, and sentenced in California. That fact alone must be considered in determining if the delay was reasonable.

In *Commonwealth v. Williams*, 254 Pa.Super. 202, 385 A.2d 979 (1978), we found a five–and–one–half–month delay was not unreasonable in the absence of a deliberate attempt to impede Williams' defense and in the absence of prejudice.[3] Considering that Johnson was arrested and tried in California and considering that here, as in *Commonwealth v. Williams*, supra, there is an absence of prejudice and of any attempt to impede Johnson's defense, we conclude the period of delay is not unreasonable. See *Commonwealth v. Jones*, supra (six and one–half months not unreasonable).

Nothing in this record suggests any deliberate attempt to hamper Johnson's defense. Further, Johnson's term of probation had not expired when the probation revocation hearing was held; hence, prejudice of the type found in *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971), is absent instantly.

Furthermore, the primary purposes of a prompt revocation hearing, namely to prevent the loss of essential witness-es or documentary evidence and the continuance of unnecessary incarceration or other limitations on personal liberty, *Commonwealth v. Jones*, supra, were not thwarted instantly.

2. The Commonwealth, in its brief to this court, explains that Johnson could not be returned for a period of one month between conviction and sentence and that California delayed the hearing three months by failing to act on the Commonwealth's written request to return Johnson for that length of time. These explanations were not presented to the trial court and are not part of the record; hence, we will not consider them.

3. Johnson argues that Pa.R.Crim.P. 1409 does not explicitly mandate a balancing test to weigh delay against prejudice and that it simply bars unnecessary delay. This argument has already been rejected by this court. Indeed, we said: "[i]t would be manifest error for this court to establish such a prophylactic rule under the guise of judicial interpretation." *Commonwealth v. Jones*, 250 Pa.Super. 116, 120, 378 A.2d 481, 483 (1977).

*Commonwealth v. Williams,* supra. The record does not suggest that essential witnesses or documentary evidence was lost. While Johnson does argue that, as a result of the detainer, he was unnecessarily incarcerated and that this interfered with his ability to defend against the California charges, the revocation court found that Johnson was unable to post the $100,000 bail in California and that his incarceration was the result of the California charges and the inability to post bail, not the detainer.[4] The court's findings were based on competent evidence, namely that Johnson was unable to post bail for two weeks before the detainer was lodged and that he was unable to afford counsel. Hence, we reject Johnson's argument that unnecessary incarceration resulted from the delay. Additionally, the claim that the incarceration interfered with Johnson's ability to defend against the California charges is made, but not explained in any way.

Johnson advances a number of other arguments[5] to establish prejudice. We shall discuss a few.

First, he argues the detainer caused the sentencing judge, when sentencing for the offenses which served as the basis for revocation, to forego partial confinement because such a sentence would have been useless. Similarly, he argues the detainer rendered him ineligible for a prerelease program and other programs within the prison.

As to the former claim, nothing on this record indicates the California court even considered partial confinement for the rapes and robberies and, absent such a showing of record, the claim is too speculative to be used to show

4. We note that the period of incarceration, Johnson argues created prejudice, occurred prior to conviction.

5. These arguments were not advanced before the hearing court, and appear to now be advanced as reasons to accept Johnson's argument that Pa.R.Crim.P. 1409 should be enforced without regard to prejudice. Johnson reasons that the prejudice, which he asserts he suffered, exists in some form in all cases and, hence, an analysis under Pa.R.Crim.P. 1409 should not include an inquiry into prejudice.

Having rejected Johnson's argument for a prophylactic rule, n. 3 supra, we will consider his arguments regarding prejudice as involving claims to show prejudice instantly.

prejudice. As to the latter claim, given the criminal convictions involved, Johnson's chances for special treatment are likewise too speculative. *Commonwealth v. Jones*, 260 Pa. Super. 43, 393 A.2d 1003 (1978).

Second, Johnson asserts the opportunity to serve the sentence imposed following revocation of probation concurrently with the violating offense sentence is lost if the revocation hearing is not held prior to sentencing on the violating offense. As the Commonwealth points out, the claim is devoid of merit since the revocation court in the case of a probation violator may, in its discretion, order the sentence to run concurrently with the violating offense sentence. *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978).[6]

Judgment of sentence affirmed.

---

**6.** Two other claims of prejudice involving computation of concurrent sentences and sentences imposed on parole violators need not be discussed since Johnson is a probation violator and was sentenced consecutively.