426 A.2d 146

COMMONWEALTH of Pennsylvania

v.

Rocco CAPPIELLO, Appellant.

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed Feb. 27, 1981.

Robert J. O'Shea, Jr., Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, submitted a brief on behalf of Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

478

HESTER, Judge:

Appellant Rocco Cappiello appeals from the judgment of sentence imposed following a revocation of his probation. For the reasons which follow, we will remand for further proceedings.

On May 12, 1977, appellant appeared in the Court of Common Pleas, Montgomery County, and tendered a plea of guilty to one count of robbery. Following the colloquy, appellant was placed on fifteen years probation with a condition that he successfully complete the drug rehabilitation program at Gaudenzia House in Philadelphia. On August 10, 1979, appellant again appeared in court for a probation revocation hearing. He was found in violation of his probation in several respects, including his arrest and conviction for other robberies. Probation was revoked and a sentence of three to fifteen years imprisonment was imposed. A timely motion for modification of sentence was filed and denied. This appeal followed.

■ Appellant first contends he is entitled to credit for time served in custody on the robbery charge prior to his transfer to Gaudenzia House. Section 1360(1) of the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, § 1 (18 Pa.C.S.A. § 1360(1)) provides:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

See also Pa.R.Crim.P. 1406(b). Although the court below was at first unsure whether appellant should receive credit for time served prior to the commencement of his probationary term, the court later corrected itself and granted him due credit. Opinion at 4. Indeed, the Commonwealth concedes that appellant is entitled to such credit under § 1360(1)

and Rule 1406(b). Since the court has since corrected whatever uncertainty existed at the time of sentencing, we merely note our agreement with the court's resolution of this issue.

■ Appellant also contends he is entitled to credit for time served in residence at the Gaudenzia House. In *Commonwealth v. Usher*, 264 Pa.Super. 435, 399 A.2d 1129 (1979) we considered whether the appellant therein was entitled to credit on his prison sentence for the term spent at Abraxis, a residential drug treatment program. Focusing on the "custody" requirement of Rule 1406(b) and the applicable statute, and examining the record wherein the nature of the Abraxis program was set forth, we found that the restraint imposed upon the appellant during his stay at Abraxis was sufficient to constitute "custody". We thus granted him credit against his term of imprisonment for the time served in Abraxis prior to his probation revocation. Accord, *Commonwealth v. Mallon*, 267 Pa.Super. 163, 406 A.2d 569 (1979). See also, *Commonwealth v. Jones*, 211 Pa.Super. 366, 236 A.2d 834 (1967) (restraint imposed by state hospital, held, sufficient to constitute "custody" and requiring credit for time served).

Unlike *Usher*, no hearing was held in the instant case concerning the nature of the Gaudenzia residential program. Conflicting statements are made by counsel and by the lower court as to the restraints imposed by the program and as to the elements of custody and non-custody therein. Without a record in which the various features of the program may be fleshed out, we are unable to resolve the essential factual issues presented. We thus remand for a hearing to permit both sides to offer testimony bearing on the degree of restraint imposed in the Gaudenzia residential program and any other evidence relevant to the question of custody, particularly with reference to this appellant. See *Usher*, supra. Following the hearing, the court may recompute appellant's sentence, if it is deemed necessary.

■ Lastly, appellant contends his sentence of three to fifteen years imprisonment was unduly harsh and excessive. While we are not inclined to agree with this argument, we note that the court failed to place on the record the reasons for its sentence, as required by *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). We have recently reviewed the responsibilities of a judge when imposing sentence. See, *Commonwealth v. Levenson,* 282 Pa.Super. 406, 422 A.2d 1355 (1980); *Commonwealth v. Maxwell,* 280 Pa.Super. 235, 421 A.2d 699 (1980); *Commonwealth v. Terrell,* 276 Pa.Super. 136, 419 A.2d 133 (1980); *Commonwealth v. Weakland,* 273 Pa.Super. 361, 417 A.2d 690 (1979); *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979); *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979). Nowhere in the record does it appear that the court expressly or impliedly considered the statutory guidelines for sentencing, 18 Pa.C.S.A. § 1321 et seq., or the appellant's individual characteristics and circumstances of the offense. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Pauze,* 265 Pa.Super. 155, 401 A.2d 848 (1979); *Commonwealth v. Costlow,* 265 Pa.Super. 108, 401 A.2d 824 (1979); *Commonwealth v. Valentin,* 259 Pa.Super. 496, 393 A.2d 935 (1978). Although several reasons for the sentence appear in the court's opinion filed sometime after the sentence, we have held that the reasons for the sentence must be given on the record at the time sentence is imposed. *Commonwealth v. Young,* 272 Pa.Super. 82, 414 A.2d 679 (1979). The only statement by the court relative to the prison term was, "I had him for two robberies and he goes out and commits two new robberies." Hearing of 8/10/79, p. 21. This, we think, falls far short of the requirements of *Riggins* and related cases. See, *Commonwealth v. Mueller,* 274 Pa.Super. 397, 418 A.2d 465 (1980). Further, it is clear that *Riggins* applies where the court imposes sentence following the revocation of probation. *Commonwealth v. Steward,* 276 Pa.Super. 64, 419 A.2d 96 (1980); *Commonwealth v. Cottle,* 260 Pa.Super. 85, 393 A.2d 1024 (1978). Since this case must, in any event, be remanded to the court

below for a hearing, the court will have an opportunity to resentence appellant in compliance with *Riggins*.[1]

Judgment of sentence vacated and remanded for further proceedings consistent herewith.

1. Some two and one-half months after the judgment of sentence was imposed, appellant filed a second petition for modification of sentence alleging essentially the same grounds contained in the first petition. The court dismissed the second petition as not timely filed and appellant brought an appeal, which was consolidated with the instant appeal. Since the second petition embraced all of the averments in the first, we have in effect disposed of the merits of both.