428 A.2d 1390

**COMMONWEALTH of Pennsylvania,**

v.

**Michael PLUTKO, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.
Filed April 24, 1981.

Richard L. Smith, Aliquippa, for appellant.

John L. Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

402

PER CURIAM:

On January 5, 1977, appellant, Michael Plutko, was sentenced to 2½ to 5 years imprisonment. This sentence was suspended and appellant was placed on probation for 5 years. On July 11, 1979, the lower court revoked appellant's probation based upon its findings that appellant had violated the conditions of his probation.[1] The revocation hearing judge ordered appellant to serve, in toto, the original sentence of 2½ to 5 years imprisonment. A subsequent Motion to Modify Sentence was denied. This appeal followed.

Appellant raises two issues. First, that the lower court erred in failing to comply with 18 Pa.C.S.A. § 1371(b), which directs that the court give "due consideration ... to the time spent serving the order of probation." (At the time of appellant's first probation violation he had served 26 months of his five-year probation.) Second, that the court erred in imposing a sentence of total confinement without complying with 18 Pa.C.S.A. § 1371(c), which reads:

The court shall not impose a sentence of total confinement upon revocation unless it finds that:

*    *    *    *    *    *

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

Neither the record nor the court's opinion indicates that the lower court gave any consideration to the time appellant spent serving his probation. Nor do they reveal the court's reasons for sentencing appellant to total confinement.

For appellant's liberty to be taken away and for the length of his confinement to be proper, there must be an explicit, on the record, compliance with 18 Pa.C.S.A. § 1371. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Reggie*, 264 Pa.Super. 427, 399 A.2d 1125 (1979).

---

**1.** Appellant's violation of probation is not at issue.

Sentence vacated and case remanded for resentencing and articulation of the reasons for the sentence imposed. Compliance is required within sixty (60) days from the date of this order. Jurisdiction is retained by this Court pending remand.