446 A.2d 661

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey GAUS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 1982.

Filed June 4, 1982.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from an order of the Court of Common Pleas of Montgomery County revoking appellant's term of probation and sentencing the appellant to a minimum term of imprisonment of six months and a maximum term of twelve months at the Montgomery County Prison.[1]

On January 19, 1976, pursuant to a plea agreement, appellant pleaded guilty to Criminal Mischief [2] and Possession of a Small Amount of Marijuana only for Personal use.[3] Appellant was placed on probation for a period of two years with the Pennsylvania Board of Probation and Parole and ordered to pay the costs of prosecution and make restitution within sixty days. On January 30, 1976, a *Gagnon I* hearing was held and probable cause was established to warrant the filing of a Petition to Revoke appellant's probation. On February 13, 1976, the lower court continued the *Gagnon II* hearing pending the disposition of the then present charge of burglary. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Thereafter, the appellant absconded until again apprehended by the Pottstown Police on January 9, 1981 on other charges. On March 17, 1981 a Notice of Probation Violation was received by the appellant. A *Gagnon I* hearing was held on March 26, 1981 and probable cause to revoke the appellant's probation was established. A *Gagnon II* hearing was held on April 10, 1981 and appellant was found to have violated the terms of his probation of January 9, 1976. Appellant was sentenced to a term of imprisonment of not less than six months nor more than twenty-three months. Appellant filed a Motion for

**1.** Appellant was given credit for the time he was incarcerated following his rearrest.

**2.** 18 Pa.C.S.A. § 3304. Criminal Mischief as a misdemeanor of the third degree is punishable by a term of incarceration of not more than one year. 18 Pa.C.S.A. § 1104(3).

**3.** 35 Pa.C.S.A. § 780–113(a)(31)(i). Possession of a controlled substance as a misdemeanor is punishable by a term of imprisonment not exceeding thirty days or a fine not exceeding five hundred dollars ($500.00), or both. 35 Pa.C.S.A. § 780–113(g).

Reconsideration and the lower court modified the sentence to not less than six months nor more than twelve months imprisonment [4] and this appeal followed.

On appeal, appellant raises two arguments: (1) the sentence of six to twelve months was illegal since the court lacked jurisdiction because defendant's original probationary period expired on January 19, 1978; and (2) the sentence imposed was unduly harsh and excessive under the circumstances. Though the court properly asserted jurisdiction, we must remand this case for the following reasons.

Appellant contends that the court below lacked jurisdiction to sentence the appellant because appellant received notice of his probation violation more than three years after his probation period expired in violation of his right to a speedy revocation hearing. Pa.R.Crim.P. 1409 [5]; *Commonwealth v. Ruff*, 272 Pa.Super. 50, 414 A.2d 663 (1979). While appellant does not dispute that probation may be revoked within a reasonable time after the expiration of a probationary period for a violation which occurred within the probation period, *Commonwealth v. Ballard*, 292 Pa.Super. 129, 436 A.2d 1039 (1981), appellant argues that the three year delay in the present case was unreasonable and in violation of his right to a speedy probation violation hearing.

In determining whether the hearing has indeed been held with reasonable promptness, the length of time between the conviction and the hearing is not the sole determinative factor. *Commonwealth v. Young*, 262 Pa.

---

4. The sentence was modified because the original sentence was illegal. 18 Pa.C.S.A. § 3304(b); 18 Pa.C.S.A. § 1104(3). Although the appellant's original order of probation was excessive, because the violation of probation occurred within one year of the order of probation, the mistake constituted harmless error.

5. Pa.R.Crim.P. 1409 provides as follows:
   Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole. In the event that probation is revoked and sentence is reimposed, the judge shall comply with the pertinent provisions of Rule 1405.

Super. 253, 396 A.2d 741 (1978); *Commonwealth v. Diaz*, 258 Pa.Super. 346, 392 A.2d 827 (1978); *Commonwealth v. Waters*, 252 Pa.Super. 357, 381 A.2d 957 (1977); *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481 (1977). Rather, the critical issue is whether the delay was reasonable under the circumstances of the specific case, with such reasonableness being evaluated in the light of three factors: the length of the delay, the reasons for the delay, and the prejudice suffered by the defendant as a result of the delay. *Commonwealth v. Young, supra; Commonwealth v. Waters, supra.*

*Commonwealth v. Ruff*, 272 Pa.Super. at 55, 414 A.2d at 666.

■ In the present case, the delay between the probation violation and the revocation hearing was four years and eight months. On its face, a delay of four years and eight months is excessive due to the length of the delay and because the hearing was held after the probation period had expired. *Commonwealth v. Honeyblue*, 276 Pa.Super. 107, 419 A.2d 118 (1980). However, we agree with the lower court that only two months of the delay was attributable to the Commonwealth since appellant concealed his whereabouts for the other four years and six months.

Appellant argues that he did not purposely avoid probation authorities but rather thought that his probation period had ended and thus, did not have to report. The record contradicts this argument. Exactly eleven days after having been placed on probation, appellant had a *Gagnon I* hearing where probable cause to revoke his probation was established. His *Gagnon II* hearing of February 13, 1976 was continued pending disposition of the robbery charge. Thus contrary to his argument, appellant had notice of his violations before he concealed his whereabouts after six months of probation.

Further, since appellant was already in prison on new charges while awaiting his revocation hearing, appellant was not prejudiced by the Commonwealth's two month delay. *Commonwealth v. Diaz*, 258 Pa.Super. 346, 392 A.2d 827 (1978). Thus because the appellant has suffered no prejudice and the unreasonable delay was caused by the appellant

concealing his whereabouts, the lower court properly revoked the appellant's term of probation. Cf. *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978) (delay caused by defendant concealing his whereabouts not attributable to the Commonwealth under Rule 1100).

■ Appellant also argues that the sentence imposed by the court below was unduly harsh and excessive under the circumstances. *Commonwealth v. Riggins*, 474 Pa.Super. 115, 377 A.2d 140 (1977). But if the sentence imposed is within statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Hill*, 453 Pa. 349, 310 A.2d 88 (1973). Since the sentence is within statutory limits,[6] appellant argues that the sentence is manifestly excessive so as to amount to an abuse of discretion by the lower court.

The Supreme Court in *Commonwealth v. Riggins*, supra, made clear that a trial court at the time sentence is imposed, must articulate the reasons for the imposition of its sentence. In *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977), the same court mandated that such statement of reasons, or at least the record of the sentencing proceeding itself, must reveal that the court considered and accorded weight to the statutory guidelines set forth in the Sentencing Code. *Id.*, 475 Pa. at 91–93, 379 A.2d at 887–88.

The requirements of *Riggins* and *Kostka* are equally applicable when a court imposes sentence following the revocation of probation. *Commonwealth v. Plutko*, 286 Pa.Super. 400, 428 A.2d 1390 (1981); *Commonwealth v. Cappiello*, 284 Pa.Super. 476, 426 A.2d 146 (1981); *Commonwealth v. Steward*, 276 Pa.Super. 64, 419 A.2d 96 (1980); *Commonwealth v. DeLuca*, 275 Pa.Super. 176, 418 A.2d 669 (1980); *Commonwealth v. Mallon*, 267 Pa.Super. 163, 406 A.2d 569 (1979); *Commonwealth v. Reggie*, 264 Pa.Super. 427, 399 A.2d 1125 (1979); *Commonwealth v. Cottle*, 260 Pa.Super. 85, 393 A.2d 1024 (1978).

**6.** See footnotes 2 and 3.

Thus, at the time the trial judge imposes sentence following the revocation of probation, he or she must articulate on the record the reasons for the particular sentence imposed, and those reasons,

"... should reflect the judges consideration not only of those sentencing criteria enumerated in the Sentencing Code ... but also the circumstances of the offense and the character of the offender ... [citations omitted]". *Commonwealth v. DeLuca*, supra, 275 Pa.Super. at 179, 418 A.2d at 671.

This Court has not, however, required the trial judge to list those criteria of the Sentencing Code and detail his or her response to each. *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 422 A.2d 1119 (1980); *Commonwealth v. Doyle*, 275 Pa.Super. 373, 418 A.2d 1336 (1979); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979). We insist only that the record indicate the trial judge's cognizance and consideration of these factors at the time of sentencing. *Commonwealth v. DeLuca*, supra, 275 Pa. Super. at 179, 418 A.2d at 671.

*Commonwealth v. Aldinger*, 292 Pa.Super. 149, 436 A.2d 1196 (1981). (Emphasis added).

At the conclusion of the hearing, the lower court stated the following:

THE COURT: And now this 10th day of April, 1981, on criminal action number 638.1 of 1975, that sentence is revoked and the following sentence is imposed: On criminal action 638.1 of 1975, the defendant appearing in open court with counsel is sentenced to pay the cost of prosecution and undergo imprisonment for not less than six months nor more than twenty-three months in Montgomery County Prison to date from March 17th, 1981. He is to make restitution and pay the costs within six months of his release from prison

N.T., April 10, 1981, p. 24.

No other statement concerning the reasons for imposing sentence appears of record. The record and the court's

opinion fail to indicate any cognizance or consideration of the sentencing criteria. 42 Pa.C.S.A. § 9721 et seq.; *Commonwealth v. Plutko*, 286 Pa.Super. 400, 428 A.2d 1390 (1981).

For appellant's liberty to be taken away and for the length of his confinement to be proper, there must be an explicit, on the record, compliance with 42 Pa.C.S.A. § 9721. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

Sentence vacated and case remanded for resentencing and articulation of the reasons for the sentence imposed. Jurisdiction is not retained by this Court.