461 A.2d 1246

**COMMONWEALTH of Pennsylvania**

**v.**

**Daniel J. KANE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1982.

Filed April 29, 1983.

Reargument Denied July 19, 1983.

Petition for Allowance of Appeal Denied Jan. 20, 1984.

Stanley M. Shingles, Philadelphia, for appellant.

Stephen B. Harris, Assistant District Attorney, Doylestown, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, WICKERSHAM and CIRILLO, JJ.

CIRILLO, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Bucks County imposed after revocation of probation.

On July 14, 1976 the appellant, Daniel J. Kane, appeared before the Honorable William Hart Rufe, III and pleaded guilty to charges of possession of a controlled substance (methamphetamine),[1] simple assault[2] and resisting arrest.[3] He was placed on probation for one year.

On June 9, 1977, while still on probation, appellant was arrested by federal authorities on charges of conspiracy to manufacture, manufacture, and possession of a controlled substance. A probation violation hearing was held on July 11, 1977. The appellant was charged with four violations: 1) failure to advise the probation department of his change of address; 2) failure to report during the months of May and June; 3) failure to report his employment status; and 4) failure to report his June 9th arrest by federal authorities. The lower court found that the first three charges had been proved and extended the appellant's probation two years. The court deferred any finding on the fourth charge until the federal prosecution of the appellant had been completed.

In October, 1977 the appellant became a fugitive. Two years later, on November 25, 1979, he was apprehended by federal authorities. On January 16, 1980 he pleaded guilty to the federal charges and on March 3, 1980 he was sentenced to four years imprisonment to be followed by two years probation. In September, 1980 a probation violation hearing was held. On the basis of his federal conviction, the lower court revoked the appellant's probation and sentenced him to a term of imprisonment of not less than 1 year nor more than 5 years, to be served concurrently with his federal sentence. This appeal followed.

■ Initially, the appellant contends on appeal that he was denied his right to a speedy probation revocation hear-

1. *As amended,* by the Act of November 26, 1978, P.L. 1392, No. 328, Sec. 1, 35 Pa.C.S.A. § 780–113(a)(16).

2. The Act of December 6, 1972, P.L. 1482, No. 334, Sec. 1, 18 Pa.C.S.A. § 2701.

3. *Id.,* 18 Pa.C.S.A. § 5104.

ing. This claim is based on a delay of over eight months in the commencement of the hearing.[4] The Pennsylvania Rules of Criminal Procedure mandate the following:

> Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole. In the event that probation is revoked and sentence is reimposed, the judge shall comply with the pertinent provisions of Rule 1405.

Pa.R.Crim.P. 1409; 42 Pa.C.S.A.

Rule 1409 does not establish a presumptive period within which the Commonwealth must revoke probation or parole and the Superior Court has refused to establish such a prophylactic rule. *Commonwealth v. Boykin,* 270 Pa.Super. 592, 411 A.2d 1244 (1979); *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978); *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977). Rather, this Court has held that the time period referred to in Rule 1409 is a "reasonable time." *Commonwealth v. Johnson,* 277 Pa.Super. 88, 419 A.2d 674 (1980); *Commonwealth v. Waters,* 252 Pa.Super. 357, 381 A.2d 957 (1977); *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977). In determining "reasonableness" under Rule 1409, a panel of this Court (per Judge Johnson) stated:

> The courts have held that the requirement of Rule 1409 is not to be determined solely by the length of time between the conviction and the hearing. Rather, the question is one of what constitutes a reasonable time under the circumstances. *Commonwealth v. Young,* 262 Pa.Super. 253, 256, 396 A.2d 741, 742 (1978). To determine the reasonableness of the delay, the court examines three

---

4. For purposes of Rule 1409, the relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the revocation hearing. *Commonwealth v. Reed,* 277 Pa.Super. 94, 419 A.2d 677 (1980); *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977).

factors: the length of the delay, the reasons for the delay, and the prejudice to the defendant as a result of the delay. *Id.*, 262 Pa.Superior at 257, 396 A.2d at 743. *Commonwealth v. Nance,* 290 Pa.Super. 312, 319, 434 A.2d 769, 772 (1981); *see also: Commonwealth v. Honeyblue,* 276 Pa.Super. 107, 419 A.2d 118 (1980).

■ In offering a reason for the delay in scheduling the appellant's probation violation hearing, the Commonwealth argued to the lower court that the policy of the Probation Office and the District Attorney's Office is to await a certified copy of a conviction prior to requesting a violation hearing. This certified copy was apparently not received by the Commonwealth until June 1, 1980. The Commonwealth then filed a motion for a probation violation hearing on June 4, 1980 and the hearing was scheduled for June 20, 1980. However, by that time, the appellant was "in transit" in the federal penitentiary system and he was not brought to the Bucks County prison until July 8, 1980. A new hearing was scheduled for August 7, 1980, but because the hearing judge was involved in an extended trial, it was rescheduled for September.

Despite a period of over eight months before the appellant received his hearing, we find that the Commonwealth has presented adequate reasons to justify the delay. As the Supreme Court has held in a similar context:

"A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay." *Barker v. Wingo,* 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) (footnote omitted).

*quoted in: Commonwealth v. Jones,* 250 Pa.Super. at 120–121, 378 A.2d at 483. Although the delay in the

present matter was due to factors within the control of the Commonwealth, it was not a malicious attempt to hamper the defense. Moreover, the policy of waiting until a certified copy of a conviction is received before scheduling a probation revocation hearing is actually beneficial to the appellant. Instead of using the preponderance of the evidence standard in determining whether the appellant violated the terms of his probation, the Commonwealth waits for a conviction, thereby using the more stringent standard of beyond a reasonable doubt in proving whether or not the appellant is guilty of a probation violation. This policy, likewise, serves to protect the interests of the Commonwealth. The certification is used as proof of a conviction or plea of guilty and thus there is no need to call witnesses or produce evidence in a protracted hearing. Reliance on a certified copy of a conviction before scheduling a probation revocation hearing, thus, is not merely bureaucratic red tape but is a useful tool in protecting the interests of the parties and in providing courtroom economy in an already over-taxed judicial system.

Counsel had argued that he would stipulate to the appellant's conviction on federal charges and that the certified copy of the conviction therefore would not be needed. However, appellant's counsel could always renege on his promise to stipulate to the appellant's conviction. In that event, even if the appellant refused to testify as to whether or not he had pleaded guilty to the federal charges, or if he committed perjury, the Commonwealth would still be readily able to prove a probation violation.

The appellant claims that he was prejudiced by the delay of eight months in scheduling his hearing since he could not earn "good time" on his federal sentence. This Court has stated that "a probationer awaiting his probation violation hearing while being imprisoned for another offense does not suffer much if there is a delay in holding the revocation hearing, for he is already imprisoned." *Commonwealth v. Diaz*, 258 Pa.Super. 346, 350, 392 A.2d 827, 829 (1978). *See also: Commonwealth v. Gaus*, 300 Pa.Su-

per. 372, 446 A.2d 661 (1982). The appellant had four years to serve on the federal charges and the delay in conducting the probation violation hearing did not extend the length of this sentence. Furthermore, the Commonwealth fully explained the circumstances underlying the delay in the present case. We fail to see how the appellant was prejudiced by the delay in scheduling the hearing. Consequently, we find that the revocation hearing was scheduled "as speedily as possible" in compliance with rule 1409 and we reject the appellant's first contention.

■ Next, the appellant alleges that he failed to receive sufficient written notice of claimed violations prior to the revocation hearing, in violation of due process. A defendant has the right to be notified of the specific charges for which a probation violation hearing is being held. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

■ On July 7, 1977 a formal petition was filed charging the appellant with three technical violations of probation and a fourth charge arising from federal criminal charges. The three technical violations were disposed of at a hearing held on July 11, 1977 and the court deferred any finding on the fourth charge. Shortly thereafter, the appellant became a fugitive for over two years. Subsequently, on June 4, 1980 a motion for a deferred hearing was filed concerning the charge of probation violation stemming from the prior federal criminal charges. The appellant was advised of this hearing by a letter from the Bucks County District Attorney's Office, dated June 23, 1980. This letter did not refer to specific charges, only to a "probation violation."

We note that the Petition of July 7, 1977 gave the appellant adequate notice of the charges lodged against him. In the intervening period of over three years, a number of events transpired and the appellant now claims that it is unreasonable to presume that he knew what violations he would be called upon to defend or that the letter from the District Attorney's Office gave him suffi-

cient notice. However, we observe that most of the delay between the filing of the formal petition and the revocation hearing regarding the federal charges was due to the appellant's own actions in attempting to elude law enforcement authorities. Thus, we find that the appellant has suffered no prejudice and we reject his second contention.

 Additionally, the appellant avers that the sentencing process failed to comport with the appropriate standards. A trial judge is required to state on the record his reasons for the particular sentence imposed and these articulated reasons should reflect the judge's consideration of the sentencing code, the circumstances of the offense, and the character of the offender.[5] *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977); *Commonwealth v. Lyles,* 304 Pa.Super. 177, 450 A.2d 159 (1982). Yet the statement of the court at the sentencing proceedings need not specifically cite or include the language of the sentencing code, it must only demonstrate that the court has considered the factors specified in the code. *Commonwealth v. Franklin,* 301 Pa.Super. 17, 446 A.2d 1313 (1982); *Commonwealth v. DeLuca,* 275 Pa.Super. 176, 418 A.2d 699 (1980).

 An extensive revocation hearing was held on September 18, 1980 before Judge Rufe. Following testimony regarding the federal charges, Judge Rufe expressed, "The bigger problem that I have than that is the technical violations. The lack of cooperation, disappearance and all that sort of thing." Then, at the conclusion of the hearing, the trial judge gave the following sentence:

THE COURT: Criminal Information 1307 of 1976, Commonwealth versus Daniel Kane, the Court finds he has

5. These requirements are equally applicable when a court imposes sentence following the revocation of probation. *Commonwealth v. Gaus,* 300 Pa.Super. 372, 446 A.2d 661 (1982); *Commonwealth v. Plutko,* 286 Pa.Super. 400, 428 A.2d 1390 (1981); *Commonwealth v. Cappiello,* 284 Pa.Super. 476, 426 A.2d 146 (1981).

violated the terms and conditions of his probation and the sentence previously imposed is hereby revoked.

The Court orders and directs that the defendant Kane pay the costs of prosecution.

He is hereby sentenced and committed to the State Correction Institution at Graterford for a period not less than one year nor more than five years in the federal penitentiary and is to be clothed and treated in all respects as the law requires.

This sentenced (sic) however, shall be concurrent with the federal sentence he is presently serving. The defendant stands committed until the same is complied with.

While it is evident that the court did not make specific reference to the statutory guidelines, the trial judge clearly indicated on the record his reasons for the sentence handed down. Judge Rufe considered the appellant's technical probation violations, his two-year hiatus from law enforcement agents, and his lack of cooperation with probation officials. So too, the fact that sentence was ordered to run concurrently with the federal sentence indicates that the court considered the federal convictions, as well as all aspects of the case before sentencing. We find that the lower court complied with the accepted sentencing standards, and therefore the appellant's argument is without merit.

■ Finally, the appellant alleges that his sentence of 1 to 5 years imprisonment is illegal. The appellant was convicted of possession of a controlled substance, simple assault and resisting arrest. It is not clear whether the lower court was attempting to sentence the appellant on each individual count and, if so, whether these sentences were to run consecutively or concurrently. Accordingly, we vacate the judgment of sentence and remand to the court below for resentencing in accordance with this opinion. Jurisdiction is relinquished.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

I believe that the Commonwealth's reason for delaying the probation violation hearing is unacceptable. I should therefore reinstate the sentence to probation as extended at the hearing on July 11, 1977.

When appellant pleaded guilty to the federal charges, on January 16, his counsel notified the Probation Office and requested that it "set up a probation violation hearing." N.T. 11. This was before appellant had been sentenced. *Id.* Counsel explained to the Probation Office that at his request, made to the federal judge who was to sentence appellant, appellant was being held in the detention center in Philadelphia, and would be held there for two weeks after being sentenced, so that a probation violation hearing could be set up. N.T. 11–12. In addition, counsel stated that he would stipulate to appellant's conviction on the federal charges. There was therefore no reason for the Probation Office not to schedule a probation violation hearing at once. To refuse to schedule a hearing until a certified copy of the record of appellant's federal conviction had been received was entirely arbitrary. It amounted to an insistence upon a given bureaucratic procedure, simply because that was the procedure that had been followed in other cases, and gave no thought to the fact that in the circumstances of this case it was a meaningless procedure. The majority's approval of such "red tape" effectively reads out of Rule 1409 the requirement that a probation violation hearing be scheduled "as speedily as possible." [1]

1. When before the lower court, the assistant district attorney defended the Probation Office's requirement of a certified copy of appellant's federal conviction by arguing that "if [appellant's counsel] came to court and changed his mind that day, we'd be thrown out." N.T. 26–27. In its brief to us the Commonwealth does not repeat this argument, so we might regard it as abandoned, but it is in any case without merit. Even if appellant's counsel had reneged on his promise to stipulate to appellant's conviction—and there is no basis for supposing he would have—nothing would have been simpler than to put appellant on the stand and ask whether he had not pleaded guilty to the federal charges. There is thus no basis for the assertion that the Commonwealth would have been "thrown out" of the hearing because it didn't have a certified copy of appellant's conviction on the

The Commonwealth suggests, however, that appellant suffered no prejudice because of the eight months' delay in scheduling his probation violation hearing. Brief for Commonwealth at 6-7. The record is to the contrary. Appellant testified that pending his probation violation hearing, he was regarded by the federal authorities as "in transit." As a result, he said, he was out of the prison population, instead being kept in solitary confinement ("in the hole"). N.T. 19. He was therefore unable to participate in any of the training programs offered the other federal prisoners, with the result that he couldn't earn "good time" on his federal sentence. N.T. 19-20. This testimony, which was uncontradicted, establishes prejudice. At the probation violation hearing, the lower court remarked that "[w]e didn't put him [appellant] in in transit status in the first place," and that "we have no control over [the federal authorities]." N.T. 18. While of course true, these remarks were beside the point. The lower court—the Probation Office—*did* have control over when the probation violation hearing would be scheduled. Had it been scheduled "as speedily as possible," as required by Rule 1409, specifically, had it been scheduled while appellant was in the detention center in Philadelphia, *before* he was placed in transit, as appellant's counsel requested, appellant would not have been deprived for eight months of the opportunity to earn good time.

The judgment of sentence should be vacated and the sentence to probation, as extended at the hearing on July 11, 1977, reinstated.

federal charges. Furthermore, if, because of appellant's or his counsel's conduct, the Commonwealth were "thrown out," appellant could not now argue that he had been denied a speedy violation hearing; the lack of speed would have been his own doing.