466 A.2d 159

**COMMONWEALTH of Pennsylvania**

v.

**Reginald PELZER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1983.

Filed Sept. 23, 1983.

Petition for Allowance of Appeal Denied
Sept. 20, 1984.

Michael H. VanBuskirk, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

BECK, Judge:

Reginald Pelzer raises two issues in this appeal: that he was denied a speedy revocation of probation hearing in violation of Pa.R.Crim.P. 1409 [1], and that his guilty plea should be withdrawn because the lower court failed to inform him of the range of possible sentences at the time of the plea colloquy. We find the first issue without merit and the second issue waived. Accordingly, we affirm the order of the court below.

The facts giving rise to this appeal go back to June 1973 when Pelzer was arrested and charged with two counts of burglary and related offenses. In February 1974 he offered a counselled guilty plea to the burglary charges and received a sentence of ten years probation. At this time the sentencing court informed him: "I'm accepting this recommendation but if you come back before this Court, you're going to go to jail and you're going to go for a long period of time" (N.T. 13, February 14, 1974). No appeal was taken from this sentence.

Five years later, in May 1979, Pelzer was convicted in a bench trial of rape, burglary, indecent assault, simple assault, and possessing instruments of crime. In February 1980 he was sentenced to ten to twenty years for rape, ten to twenty years for burglary, and two and one half to five years for possessing instruments of crime, all sentences to run concurrently. On direct appeal, judgment of sentence was affirmed. *Commonwealth v. Pelzer*, 297 Pa.Super. 584, 441 A.2d 785 (1982).

One month after sentence was imposed for the rape and burglary offenses, a violation of probation hearing was held

1.     Rule 1409. Violation of Probation or Parole: Hearing and Disposition

Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole. In the event that probation is revoked and sentence is reimposed, the judge shall comply with the pertinent provisions of Rule 1405.

on March 26–27, 1980. Pelzer was found in violation of probation and sentenced to ten to twenty years, the sentence to run consecutively to the sentences imposed in February 1980. No appeal was taken within the initial time period for doing so.

On January 1, 1981 Pelzer filed a *pro se* Post Conviction Hearing Act Petition, amended with assistance of new counsel on August 13, 1981. In this Petition, Pelzer claims that his violation of probation hearing was untimely. The lower court granted the right to appeal *nunc pro tunc* from the sentence imposed on March 27, 1980 on the issue of the timeliness of the hearing.

In the Petition Pelzer also claims that he was denied effective assistance of counsel at the time his guilty plea was entered in 1974 because he was never informed of the maximum sentence for the burglary offenses in the event that probation should be revoked. On this issue the lower court denied relief. The appeal *nunc pro tunc* from judgment of sentence in 1980 and the denial of relief relating to the 1974 guilty plea are here combined.

■ The claim of the Rule 1409 violation fails for the following reasons. The law is well settled that when probation violation is based upon a crime which occurs during the period of probation, for Rule 1409 purposes the focus is on the time between the conviction and the violation hearing. *Commonwealth v. Honeyblue*, 267 Pa.Super. 107, 419 A.2d 118 (1980); *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481 (1977). In Pelzer's case, this period was ten months. Pelzer relies heavily on *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768 (1971) where a delay of five months was found too lengthy to satisfy the Rule. However, a quantitative approach, i.e. merely counting the days and months between conviction and parole violation hearing, is not determinative in Rule 1409 cases.

■ Neither *White* nor the requirements of Rule 1409 establish a prophylactic cut-off whereby timeliness is determined. *Commonwealth v. Nance*, 290 Pa.Super. 312, 434

A.2d 769 (1981); *Commonwealth v. Long,* 264 Pa.Super. 465, 400 A.2d 179 (1979) (parole violation); *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978). The requirement of a speedy revocation hearing means that the courts must act with reasonable promptness once officials are aware of parole violation. *Commonwealth v. Williams,* 254 Pa.Super. 202, 385 A.2d 979 (1978); *Commonwealth v. Johnson,* 277 Pa.Super. 88, 419 A.2d 674 (1980).

■ The primary purpose of a prompt revocation hearing is to prevent the loss of essential witnesses or documentary evidence, and to avoid the continuance of unnecessary incarceration or other limitations of the personal liberty of the accused. *Commonwealth v. Jones, supra; Commonwealth v. Johnson, supra.* To determine whether there has been reasonable promptness for purposes of Rule 1409 courts look to three factors: the length of the delay, the reasons for the delay, and the prejudice to the defendant as a result of the delay. *Commonwealth v. Nance, supra; Commonwealth v. Young, supra; Commonwealth v. Diaz,* 258 Pa.Super. 346, 392 A.2d 827 (1978); *Commonwealth v. Ruff,* 272 Pa.Super. 50, 414 A.2d 663 (1979); *Commonwealth v. Sanders,* 303 Pa.Super. 139, 449 A.2d 617 (1982); *Commonwealth v. Gaus,* 300 Pa.Super. 372, 446 A.2d 661 (1982).

■ An analysis of the circumstances surrounding Pelzer's violation of probation hearing leads us to conclude that the rule of reasonable promptness has not been violated. While it is true that in *White, supra,* the Court found a five month delay too long, in that case the hearing was held after the end of the probationary period, a factor which influenced the decision. See also *Commonwealth v. Williams, supra,* (five month delay in *White* unreasonable because the original probationary period expired before the hearing). In Pelzer's case, by contrast, even after the passing of ten months subsequent to the conviction on the rape and burglary charges, the revocation hearing took

place a year before the termination of the ten year probation imposed for the 1973 burglaries.[2]

The length of this delay, without more, does not constitute grounds for reversal of the sentence. Pelzer makes no claim that the ten month period impeded his defense. Indeed, his counsel testified that he had no intention of calling witnesses at the probation violation hearing (N.T.P.C.H.A. Hearing, at 30). There was no averment that evidence which would have aided the defense had been lost as a result of passing time. Moreover, Pelzer's counsel testified that it was his practice to delay revocation hearings until after sentence was imposed for the violating offense in the hopes that the sentence for the violation would be thereby mitigated (N.T.P.C.H.A. Hearing, at 28). See *Commonwealth. v. Long, supra* (not unreasonable for the lower court to delay revocation hearing until appellant was sentenced on other charges) (Judges Jacobs and Spaeth dissenting).

Finally, we note that for the entire period in question, Pelzer was in prison for the rape conviction of 1980. On the issue of prejudice, a probation violator who is incarcerated for another offense does not suffer any loss of freedom from the delay in holding the revocation hearing because he is already in prison. *Commonwealth v. Diaz, supra; Com-*

---

**2.** Pelzer cites several other cases in which delays of several months were found to be in violation of Rule 1409. They are distinguishable from the instant case. In three of the cases cited, as in *White, supra,* the violation hearing was held after the expiration of the original period. *Commonwealth v. Boykin,* 270 Pa.Super. 592, 411 A.2d 1244 (1979) (parole); *Commonwealth v. Smith,* 266 Pa.Super. 234, 403 A.2d 1326 (1979) (probation); *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978) (probation). In *Commonwealth v. Darby,* 244 Pa.Super. 331, 368 A.2d 746 (1976) the hearing was held after the expiration of the sentence for the probation violating offense. In one case, *Commonwealth v. Jones,* 242 Pa.Super. 558, 364 A.2d 414 (1976) a violation of Rule 1409 was found where the hearing was nine and one-half months after conviction, but still within the original probation period. In *Jones,* unlike the instant case, the Commonwealth sought two postponements of the violation hearing without giving reasons for delay. We take note of Judge Price's vigorous dissent in *Jones:* applying a balancing test, in so far as appellant had not requested that the hearing be held sooner, and had not shown prejudice by the delay, no violation of the Rule should be found.

*monwealth v. Gaus, supra; Commonwealth v. Ballard,* 292 Pa.Super. 129, 436 A.2d 1039 (1981).

We conclude that because the revocation was held within the probationary period, because Pelzer has not shown that his defense at the hearing was hampered by the passing of ten months, and because he was in prison for the entire time on the other charges the scheduling of his revocation hearing was not in violation of Rule 1409.

We now consider the second issue in this appeal, i.e. the claim that Pelzer's guilty plea was defective because he was not apprised of the maximum sentence possible should he violate probation. *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974) established the rule that in a guilty plea colloquy the defendant must be informed, *inter alia,* of the permissible range of sentences. Pelzer claims in his P.C.H.A. Petition that he was not specifically informed of the maximum sentence for burglary, and therefore his guilty plea must be withdrawn. However, Pelzer neither filed post-trial motions challenging his guilty plea nor averred any extraordinary circumstances (such as ineffectiveness of counsel for failing to file post-trial motions) which would explain his failure to do so. The issue is therefore waived. 19 P.S. 1180–3(d); *Commonwealth v. Newell,* 486 Pa. 474, 406 A.2d 733 (1979) (Justices Nix and Manderino dissenting); *Commonwealth v. Unger,* 494 Pa. 592, 432 A.2d 146 (1980); *Commonwealth v. Jumper,* 494 Pa. 451, 431 A.2d 941 (1981); *Commonwealth v. Senk,* 496 Pa. 630, 437 A.2d 1218 (1981); *Commonwealth v. Baylor,* 279 Pa.Super. 304, 420 A.2d 1346 (1980); *Commonwealth v. Knox,* 304 Pa.Super. 368, 450 A.2d 725 (1982).[3]

For the appeal *nunc pro tunc* from judgment of sentence of March 27, 1980 judgment of sentence is affirmed; and

---

3. Even if not waived on these grounds, upon entry of a guilty plea all grounds of appeal are waived except challenges to the jurisdiction of the court and challenges to the voluntariness of the guilty plea. *Commonwealth v. Chumley,* 482 Pa. 626, 394 A.2d 497 (1978). Pelzer makes no claim that his guilty plea was involuntarily made. He testified at the P.C.H.A. hearing that his plea was voluntary (N.T.P.C. H.A. Hearing at 11).

the order of the lower court denying petitioner relief under the P.C.H.A. is affirmed.