402 A.2d 1050

COMMONWEALTH of Pennsylvania

v.

**J. P. MASCARO AND SONS, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1978.

Decided May 4, 1979.

Petition for Allowance of Appeal Denied Sept. 10, 1979.

Abraham A. Hobson, III, Norristown, for appellant.

Guy E. Massick, Assistant District Attorney, Media, for Com., appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

J. P. Mascaro and Sons, Inc., a corporation, was convicted of theft by deception,[1] deceptive business practices,[2] and unsworn falsification to authorities[3] arising out of false reports pertaining to quantities of rubbish hauled pursuant to contract with Delaware County. Following sentence, the corporation appealed to this Court. It contends that its conviction is barred by prior convictions of two of its officers, who were also stockholders, for offenses arising from the same series of transactions.[4] We disagree and affirm the judgment of sentence.

1. 18 Pa.C.S. § 3922.

2. 18 Pa.C.S. § 4107.

3. 18 Pa.C.S. § 4904.

4. Michael Mascaro, who was secretary of appellant corporation and owned 9% of its stock, pleaded guilty to theft by deception, deceptive business practices, unsworn falsification to authorities, and con-

The circumstances under which corporations may be criminally liable are set forth in 18 Pa.C.S. § 307(a). It is there provided in pertinent part as follows: "A corporation may be convicted . . . of an offense if: . . . (3) the commission of the offense was authorized, requested, commanded, performed or recklessly tolerated by the board of directors or by a high managerial agent acting in behalf of the corporation within the scope of his office or employment." Corporate liability under this rule "is confined to situations in which the criminal conduct is performed or participated in by the board of directors or by corporate officers and agents sufficiently high in the hierarchy to make it reasonable to assume that their acts are in some substantial sense reflective of the policy of the corporate body." Toll, Pennsylvania Crimes Code Annotated, p. 119. See also: *United States v. Johns-Manville Corp.*, 231 F.Supp. 690 (E.D.Pa.1964).

■ It is hornbook law that a corporation is an entity distinct and separate from the individual stockholders who own it. The corporation, therefore, has rights and liabilities which are separate and apart from those belonging to the individual stockholders. *Barium Steel Corp. v. Wiley,* 379 Pa. 38, 47, 108 A.2d 336, 341 (1954). See also: P.L.E. Corporations § 3; 1 Fletcher Cyc. Corp. (Perm. Ed.) § 7, p. 37. The corporation is severally liable with its officers for crimes committed by such officers in behalf of the corporation. 10 Fletcher Cyc. Corp. (Perm. Ed.) § 4942, p. 621. See also: *United States v. Knox Coal Co.,* 347 F.2d 33 (3rd Cir. 1965), *cert. denied,* 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965). In this respect, the liabilities of the corporation and

spiracy. He was fined $5,000 and placed on probation for a period of five years.

Joseph P. Mascaro, Jr., who was vice president of appellant corporation and owned 9% of its stock, was found guilty by a jury of theft by deception, deceptive business practices, unsworn falsification to authorities and conspiracy. He was fined $1,000, placed on probation for five years, and directed to make restitution. He was also convicted on federal charges of mail fraud. (18 U.S.C.A. § 1341) and false statements (18 U.S.C.A. § 1001).

its officers are comparable to those of a principal and agent who participate in the same criminal activity.

■ Appellant argues that prosecution is barred by 18 Pa.C.S. § 109(3). This section bars a second prosecution if an earlier prosecution of the same person, based on the same facts, has resulted in a conviction. The statute, however, is not pertinent. It is applicable only where it is the same person or entity which is twice placed in jeopardy for the same offense. It does not bar separate prosecutions of several, different persons or entities who have been engaged in the same criminal activity. So also, neither the statute nor decisional law bars separate prosecutions of a corporation and its officers for crimes committed on behalf of the corporation.

The judgment of sentence is affirmed.