Commonwealth of Pennsylvania ex rel. City of Allentown *v.* Bobby Ray Howells, Secretary, Kacar, Inc. Kacar, Inc., Appellant.

648

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

William G. Sherr, with him Howard N. Stark, for appellant.

William C. Wickkiser, with him Daniel K. McCarthy, for appellee.

OPINION BY JUDGE BLATT, May 28, 1982:

The appellant, Kacar, Inc., appeals a decision of the Court of Common Pleas of Lehigh County which found that the appellant had violated an ordinance of the City of Allentown (City) prohibiting the establishment of an adult book store within 500 feet of any school, church or residential area. Zoning Ordinance No. 11865, as amended, of the Codified Ordinances of the City of Allentown (Ordinance 11865).

A citation was issued against "Bobby Ray Howells Sec. Kacar Inc" for violating Ordinance 11865 and a hearing was held before a district justice who found Howells guilty. Howells subsequently appealed to the common pleas court which acquitted him individually, but found the appellant, as a corporate entity, to have violated the ordinance and imposed a $500 fine. This appeal followed, the appellant contending that it was denied due process because it was never made a party to the action below. It argues that the citation named only Bobby Ray Howells as the defendant and was not issued against the appellant corporation as a separate, independent person.

A corporation clearly is a "person" within the meaning of the due process, *see e.g., Louis K. Liggett, Co. v. Baldridge,* 278 U.S. 105 (1928), and we believe that it was a clear violation of the constitutional guarantee of due process to convict a person of a summary offense who was not named as a party to the action concerned. The City argues here that the appellant was liable because the citation was issued to Howells as a corporate officer, and it is true that a corporation is *severally liable* with its officers for offenses committed by those officers while acting for the corporation. *Commonwealth v. J. P. Mascaro and Sons, Inc.,* 266 Pa. Superior Ct. 8, 402 A.2d 1050 (1979). We must hold, however, that, because such liability is severable, a corporation must be individually and separately named as a party defendant before it can be found guilty of a summary offense.

We will therefore reverse that portion of the order of the court below which found the appellant to have violated Ordinance 11865.

ORDER

AND Now, this 28th day of May, 1982, the judgment of sentence of the Court of Common Pleas of Lehigh

County in the above-captioned matter is reversed insofar as it finds the appellant, Kacar, Inc., guilty of violating Zoning Ordinance No. 11865, *as amended,* of the Codified Ordinance of the City of Allentown.

Judge MENCER did not participate in the decision in this case.