483 A.2d 965

**COMMONWEALTH of Pennsylvania**

*v.*

**Kay DUGAN, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 1984.

Filed Nov. 2, 1984.

Maurino J. Rossanese, Jr., Norristown, for appellant.

Joseph Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before DEL SOLE, MONTEMURO and HOFFMAN, JJ.

MONTEMURO, Judge:

The instant appeal arises from the judgment of sentence which was imposed after revocation of probation. Appellant makes three arguments on appeal: (1) that she was denied her right to a speedy probation violation hearing; (2) that the sentencing judge failed to state on the record adequate reasons for the sentence imposed; and (3) that the sentence imposed was excessive.

On January 12, 1978, appellant, Kay H. Dugan, pleaded guilty to nine counts of theft by deception,[1] nine counts of failure to make required disposition of funds received,[2] one count of forgery,[3] two counts of misappropriation of entrusted money,[4] two counts of securing execution of documents by deception,[5] and two counts of deceptive business practices.[6] She received consecutive sentences of probation at that time but was shortly thereafter found in violation of her probation and sentenced to two to five years imprisonment on April 28, 1978. On May 8, 1978, in response to a petition to reconsider sentence, appellant was again placed on probation. Appellant then took an appeal to this court.

While her appeal was pending, appellant again appeared before the trial court on June 19, 1979, as a result of a

1. 18 Pa.C.S.A. § 3922
2. 18 Pa.C.S.A. § 3927
3. 18 Pa.C.S.A. § 4101
4. 18 Pa.C.S.A. § 4113
5. 18 Pa.C.S.A. § 4114
6. 18 Pa.C.S.A. § 4107

technical violation of her probation. On that date, she was sentenced to numerous concurrent seven year probations and one consecutive probation. She also agreed to pay restitution and withdraw her pending appeals.

On February 26, 1982, appellant was convicted of three bad check charges in Bucks County. She was subsequently sentenced on June 18, 1982, to one year probation and to pay the costs of restitution.

Upon hearing that a bench warrant had been issued for her arrest, appellant surrendered herself to her probation officer and was remanded to Montgomery County Prison on October 7, 1982. A violation hearing was scheduled for October 22, 1982, but was subsequently continued until October 29, 1982, pursuant to a request by appellant's counsel. On October 29, 1982 and again on November 22, 1982, the court requested a continuance which appellant's counsel consented to. A Gagnon II hearing was finally held before the Honorable Frederick B. Smillie on December 13, 1982. At the conclusion of the hearing, probation was revoked and appellant was sentenced to imprisonment for a period of not less than three (3) years nor more than seven (7) years. It is from this disposition that the instant appeal was taken.

Turning to appellant's first allegation of error, she contends that her right to a speedy hearing as guaranteed by Pa.R.Crim.P. 1409 was denied. Rule 1409 provides in relevant part:

> Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole. In the event that probation is revoked and sentence is reimposed, the judge shall comply with the pertinent provisions of Rule 1405.

Rule 1409 does not specify a particular period by which the Commonwealth must revoke probation but in-

stead, focuses on whether the delay was reasonable under the circumstances of the case at hand. *Commonwealth v. McCain,* 320 Pa.Super. 394, 467 A.2d 382 (1983); *Commonwealth v. Kane,* 315 Pa.Super. 212, 461 A.2d 1246 (1983). Three factors are looked to in determining the reasonableness of the delay: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant for the delay. *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978).

Here nine and one-half months passed from the time of appellant's conviction in Bucks County until the Gagnon II hearing on December 13, 1982. In view of the fact that this court has found that a five month delay can be unreasonable, *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768 (1971), certainly the nine and one-half month delay here cannot be classified as "intrinsically reasonable". *Commonwealth v. Jones,* 250 Pa.Super. 116, 120, 378 A.2d 481, 483 (1977).

Looking next to the reasons for the delay, the lower court, in its opinion, suggests that the delay was due to requests for continuances by appellant's attorneys. It is true that approximately one month of the delay was either requested, or consented to, by appellant's attorneys. (R. 22). The only proffered explanation for the remaining eight months was the severe illness of the trial court judge which prevented him from sitting on the bench from March 17, 1982, until August 1, 1982. This factor would account for only four and one-half months of the nine and one-half month period. Moreover, we note that this case is not from a single-judge county.

Such a paucity of explanation, in combination with the length of the delay here, would very likely require us to reverse the judgment of sentence on this ground if appellant had been prejudiced as a result of the delay. She, however, was not. In fact, it appears that appellant benefited from the delay. As was stated previously, appellant was not incarcerated in this matter until October 7, 1982. (R. 29). This incarceration resulted from a voluntary sur-

render to authorities after appellant had learned that a bench warrant had been issued for her arrest. If the trial court had issued a similar warrant shortly after appellant's February 26, 1982 conviction, her incarceration would have begun sooner than it did. Consequently, we conclude that appellant's argument is not persuasive.

■ Appellant's second allegation of error is that the trial judge failed to state adequate reasons for the sentence imposed. It is now beyond question that the trial judge must state reasons for the sentence he imposes, *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), and that this statement of reasons should reflect consideration of the sentencing code guidelines. *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 422 A.2d 894 (1980). Our courts have also articulated the principle that, "It is sufficient to render a sentence invalid, if it reasonably appears from the record that the trial court relied in whole or in part on an impermissible factor. Only the aforementioned [sentencing code] guidelines should be considered". *Commonwealth v. Kostka*, 276 Pa.Super. 494, 506, 419 A.2d 566, 572 (1980); *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977).

■ Appellant first asserts that the trial judge's statement of reasons does not reflect sufficient consideration of appellant's behavior subsequent to her original sentencing in 1978. She further asserts that some of the reasons which are stated reveal considerations of impermissible factors. As we find this second assertion dispositive we do not address the first.

Examination of the statement of reasons given by the trial judge does disclose that several grounds listed in the sentencing code were considered. The judge specifically discussed appellant's criminal history, her character and attitudes, and whether she would be likely to respond affirmatively to probationary treatment. All are relevant and perfectly proper factors to consider. See 42 Pa. C.S.A.

§ 9722(7), (9), (10). However, the trial judge also made the following comments:

You were born in Japan, but you are now a naturalized citizen by reason of your marriage to an American. (N.T. December 13, 1982, p. 47).

. . . .

All the way through you have ignored and treated the laws of the United States as though they were meant to be broken. But I am sure if it happened in your country you would receive much shorter shrift than you have here. (N.T. December 13, 1982, p. 49).

. . . .

Apparently, you think the American System of Justice is a joke and the only respect you have is for your native tribunal. You obtained United States Citizenship by reason of your marriage to an American and you are not even living with him.

The Probation Department here has been most permissive of you and more than with anybody that I know if, American citizen or otherwise. (N.T. December 13, 1982, p. 51).

Obviously, the fact that appellant is a naturalized citizen is in no way relevant to any of the criteria which are set forth for consideration in the sentencing code. *See* 42 Pa.C.S.C. § 9722. That these repeated remarks indicate that the sentencing judge ruled in part on an impermissible factor is corroborated by a section in his opinion wherein he states that: "Defendant is incapable of telling the truth and thinks the United States' Courts are gullible enough to believe her . . . . The United States has been a fertile field for defendant's operation with signal success. She has bought her way out of many situations which would be unthinkable to the ordinary citizen". (Trial Court Opinion, p. 7.)

As stated earlier, we do recognize that the trial judge did consider several permissible factors in imposing sentence on

appellant; the question is, however, whether he considered *only* permissible factors. In ruling that he did not, we are guided by the test set forth by our supreme court in *Commonwealth v. Bethea, supra,* 474 Pa. at 580, 379 A.2d at 106–107.

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

In view of our determination above, we need not address the question of whether the sentence imposed was excessive.

Judgment of sentence is vacated and case is remanded for resentencing. Jurisdiction is relinquished.