J-S39006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIK ANTHONY STILES | |
| Appellant | No. 1648 MDA 2015 |

Appeal from the Judgment of Sentence Entered September 16, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001212-2011

BEFORE:    STABILE, PLATT,[*] and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 21, 2016**

Erik Anthony Stiles ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County following the revocation of his probation.  For the reasons that follow, we affirm.

On July 13, 2011, Appellant pled guilty to one count of theft by unlawful taking under Section 3921(a) of the Crimes Code, 18 Pa.C.S.A. § 3921(a).  The trial court sentenced Appellant to six months' county probation.  Appellant violated the terms of his probation, which resulted in the revocation of his probation and the imposition of a one-year term of probation on March 13, 2012.  On March 27, 2013, after Appellant again violated his probation, the trial court revoked his probation and sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

him to a new one-year term probation and ordered it to run consecutive to a five to twenty-three months' imprisonment sentence Appellant received at docket number 4413-CR-2011.

While on probation *sub judice*, Appellant received new charges for possession of drug paraphernalia on November 20, 2014. Trial Court Opinion, 10/22/15, at 1. Appellant was detained as a result. N.T., Revocation Hearing, 9/16/15, at 4. Dauphin County Drugs and Alcohol thereafter evaluated Appellant and recommended that he receive inpatient treatment at Conewago Place. Trial Court Opinion, 10/22/15, at 1. The detainer was lifted on January 27, 2015 to allow Appellant to complete this program. *Id*.

After finishing his inpatient treatment on February 26, 2015, Appellant went to Genesis House for follow-up care. N.T., Revocation Hearing, 9/16/15, at 8, 4. However, the outpatient treatment at Genesis House went awry around April of 2015 due to Appellant's sporadic attendance. *Id*. at 4, 8-9. In response, Appellant's probation officer submitted a request for a violation of probation ("VOP") hearing, which was scheduled for July 22, 2015. *Id*. at 7. Appellant, however, failed to show up to the VOP hearing, causing the trial court to issue a bench warrant. Trial Court Opinion, 10/22/15, at 1. After being detained pursuant to the warrant on August 3, 2015, Appellant was present for the revocation hearing held on September 16, 2015. *Id*. At the hearing, the trial court revoked Appellant's probation and sentenced him to twenty-four months' intermediate punishment. N.T.,

Revocation Hearing, 9/16/15, at 19. The court further conditioned Appellant's eligibility for parole upon his acceptance into a thirty-day, inpatient treatment program. *Id*.

The single issue on appeal is whether the trial court held Appellant's revocation hearing "as speedily as possible." *See* Appellant's Brief at 4. As indicated above, several months elapsed between Appellant's most recent violation of his probation and the revocation hearing. Appellant maintains that this delay was unreasonable and prejudicial to him. Appellant's Brief at 8. The timeliness of Appellant's revocation proceeding implicates Pa.R.Crim.P. 708, which provides, in pertinent part, as follows:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> (1) a hearing held *as speedily as possible* at which the defendant is present and represented by counsel; and
>
> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B) (emphasis added).

Although Rule 708(B) requires that courts hold VOP hearings "as speedily as possible," it is otherwise silent as to what satisfies this mandate. *See Commonwealth v. Woods*, 965 A.2d 1225, 1227 (Pa. Super. 2009) ("Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation."). Filling the interpretive void, this Court has stated that the Rule requires a hearing within a reasonable time. *Id*. The mere fact of a gap between a probationer's offending conduct and

- 3 -

later VOP proceedings does not automatically violate Rule 708. Rather, courts must consider whether the delay was reasonable under the circumstances of the specific case and whether it prejudiced the defendant. *Id*. To determine the reasonableness of a delay, we consider the following three factors: (1) the length of the delay; (2) the reasons for the delay; and (3) the prejudice resulting to the defendant from the delay. *Id*. Our analysis of the speediness of a revocation hearing entails a weighing of the three factors. *See Commonwealth v. McCain*, 467 A.2d 382, 384 (Pa. Super. 1983) (stating that prejudice "must be weighed along with the other two factors.").

We first address the length of the delay factor. In this case, there was a delay of approximately eight months between Appellant's possession charge and his VOP hearing.[1] Nonetheless, timeliness cannot be determined by merely referencing the length of delay.[2] *See Commonwealth v. Clark*,

---

[1] In its opinion, the trial court measured the "applicable delay" as the time between November 20, 2014 and July 22, 2015, the date on which Appellant was to have had a VOP hearing. Trial Court Opinion, 10/22/15, at 1. We accept the trial court's appraisal and find that it has ample support in the record.

[2] We are aware that in prior cases there has been a tendency to declare, without much elaboration, varying degrees of delay as not being "intrinsically reasonable." *See, e.g.*, *Commonwealth v. Christmas*, 995 A.2d 1259, 1264 (Pa. Super. 2010) (twenty months); *Woods*, 965 A.2d at 1228 (fifteen months); *Commonwealth v. Dugan*, 483 A.2d 965, 967-68 (Pa. Super. 1984) (nine and one-half months); *Commonwealth v. Jones*, 378 A.2d at 483 (six and one-half months). The rationale in each instance was presumably that the delay exceeded five months, a timespan which this
*(Footnote Continued Next Page)*

847 A.2d 122, 124 (Pa. Super. 2004). Rather, "[w]e must examine the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing." *Id*.

The present case is not one in which administrative inertia prevented Appellant from having an earlier hearing. *Cf. Commonwealth v. Bischof*, 616 A.2d 6 (Pa. Super. 1992) (finding delay unreasonable when it resulted, in part, from 15-month wait for certified copy of conviction). Instead, the Commonwealth agreed to refrain from initiating VOP proceedings earlier so that Appellant could receive treatment for his drug addiction. The decision to allow Appellant to seek the help he needed was consistent with the rehabilitative purpose of probation. *See Commonwealth v. Mullins*, 918 A.2d 82, 85 (Pa. 2007) ("The primary concern of probation . . . is the rehabilitation and restoration of the individual to a useful life."). Certainly, Appellant needed ample time at Conewago Place and Genesis House to receive the benefit of his treatment.[3] Once it became clear that Appellant

*(Footnote Continued)* _____

Court held was unreasonable in *Commonwealth v. White*, 279 A.2d 768 (Pa. Super. 1971). However, the text of Rule 708 does not support such a rigid litmus test. *See Commonwealth v. Pelzer*, 466 A.2d 159, 161 (Pa. Super. 1983) ("[A] quantitative approach, i.e. merely counting the days and months between conviction and parole violation hearing, is not determinative."). The pertinent inquiry is whether a delay is reasonable under the circumstances. The length of delay is of obvious import in such an evaluation but only to the extent that it is without explanation or prejudice to the defendant.

[3] At the revocation proceeding, Appellant conceded that it would not have been appropriate to revoke his probation while in the midst of inpatient and outpatient treatment. N.T., Revocation Hearing, 9/16/15, at 9.

was not taking his care seriously, the Commonwealth promptly submitted a revocation request on June 1, 2015. The trial court then scheduled the requested hearing for July 22, 2015. Indeed, were it not for his failure to appear, Appellant would have had his VOP hearing at that time. Appellant's decision to go "on the lam" is clearly not assignable to the Commonwealth. *See Christmas*, 995 A.2d at 1263 (stating that delays caused by the defendant do not count against the Commonwealth). Accordingly, under the circumstances of this case, especially the Commonwealth's decision to give Appellant an opportunity to seek in- and outpatient treatment, the eight-month delay in holding the revocation hearing was not unreasonable. *See Commonwealth v. Dickens*, 475 A.2d 141, 150-51 (Pa. Super. 1984) (finding an eight-month delay to be reasonable).

The final inquiry is whether the delay prejudiced Appellant. The speediness requirement of Rule 708 seeks to preserve "the probative value and reliability of the facts considered" at the revocation hearing. *Commonwealth v. Marchesano*, 544 A.2d 1333, 1336 (Pa. 1988). "The primary purpose for requiring a prompt revocation hearing . . . is to prevent the loss of essential witnesses or documentary evidence and to prevent unnecessary incarceration or other limitations on personal liberty." *Dickens*, 475 A.2d at 143 (internal quotation and citation omitted).

It is Appellant's burden to allege and prove prejudice. *Christmas*, 995 A.2d at 1263. Here, Appellant does not establish prejudice so much as he suggests it. For instance, Appellant's brief is bereft of any claim that he

lost access to important witnesses or key evidence while he waited for his VOP hearing. Appellant does claim, however, that the wait prejudiced him because "[a] certain amount of prejudice necessarily follows from the mere fact of the expiration of the parole period." Appellant's Brief at 14. Appellant's argument overlooks the fact that a "mere technical violation of the Rules of Criminal Procedure," without more, does not amount to prejudice. *Marchesano*, 544 A.2d at 1336-37. Therefore, Appellant cannot show prejudice based solely on an allegation that the trial court held the revocation hearing after the end of his period of probation.

We also reject Appellant's contention that he "clearly suffered a loss of freedom" due to the delay. Appellant's Brief at 15. At no point in his brief does Appellant explain this supposed deprivation. Appellant was not in prison while he awaited his VOP hearing. During the vast majority of the delay, Appellant was not in custody so that he could receive treatment for his drug addiction. Appellant's liberty remained unfettered for most of the delay. We also note that Appellant did not appear at his July 22, 2015 VOP hearing, necessitating his subsequent month-long detention. Because he fails to demonstrate any undue restraint on his freedom, Appellant's claim of prejudice fails.

In sum, based on the foregoing, we cannot conclude that the trial court failed to hold Appellant's VOP hearing as speedily as possible under Rule 708.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2016