J-A23038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHNNY COLON | : | |
| | : | |
| Appellant | : | No. 1589 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003425-2016

BEFORE: KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JANUARY 5, 2021**

Johnny Colon (Colon) appeals the judgment of sentence of the Court of Common Pleas of Philadelphia County revoking his probation and entering judgment of sentence. He contends that the presiding judge, the Honorable Maria B. Coyle (VOP court), committed an abuse of discretion in holding a probation violation hearing based on a new criminal charge while it was still pending. In addition, Colon asserts that the VOP court erred in finding probation violations based on possession of a controlled substance and an unreported change of residence.

As discussed in more detail below, we find that the VOP court did not err in holding the violation hearing or in ruling that Colon's possession of a

_____

[*] Retired Senior Judge assigned to the Superior Court.

controlled substance warranted revocation. However, the VOP court did err in finding a technical violation, requiring us to remand the case for resentencing.

**I.**

In 2017, Colon entered a negotiated guilty plea on counts of possession with intent to deliver a controlled substance and criminal use of a communication facility. He received a total sentence of five years of probation, the terms of which required Colon to report to the Philadelphia Adult Probation and Parole Department (Probation Department).[1]

A few months later, well within the probationary period, police raided and searched a home, acting pursuant to a valid warrant. Upon entering, police found Colon sleeping in a bedroom on the second floor. Officers saw no immediate indication of weapons or other contraband on Colon's person, but a pat-down frisk yielded several packets of cocaine.

Moreover, during the search of the home, police obtained a billing invoice for cable services bearing Colon's name as well as a photograph of Colon in a separate room. Importantly, within the home police also found a firearm, hundreds of dollars in cash and large quantities of controlled

---

[1] While on this state parole, Colon concurrently served a term of federal probation.

substances, confirming that illegal drug transactions regularly took place there.

Colon was arrested on charges of possession with intent to deliver, simple possession, and other related offenses. The Probation Department filed a notice to the VOP court (**Gagnon II** Summary) enumerating several "Potential Direct Violations" based on those new charges. Colon was held in state custody in accordance with the detainer lodged by the VOP court.

After a preliminary hearing[2] on the new charges, all counts but one were dismissed for failure to establish a *prima facie* case. Only a single count remained (simple possession) and the Probation Department recommended that the violation hearing be deferred until after the open case had concluded. The defense echoed that request.

The Philadelphia County District Attorney (District Attorney), appearing on behalf of the Commonwealth, also opposed the hearing, advising the VOP court that its general policy was to seek to defer probation violation proceedings based on new criminal charges until those new charges have been resolved. The District Attorney offered a number of strategic reasons for seeking to delay Colon's violation hearing and emphasized that the Pennsylvania Supreme Court has long encouraged that practice.

---

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (requiring preliminary "**Gagnon I**" hearing on whether there is probable cause of a probation violation).

The violation hearing was continued on multiple occasions over several months. Ultimately, the VOP court issued an order directing the District Attorney to proceed with the hearing and threatening contempt charges in response to any non-compliance. The VOP court also ordered the District Attorney to subpoena "any and all relevant police and civilian witnesses for appearance and to provide testimony" on the date of the hearing. VOP Court Order, 1/16/2019, at 2.

Before the violation hearing began on February 22, 2019, defense counsel and the District Attorney repeated their objections to the hearing going forward before Colon's open case had concluded. They noted that a delay of the hearing posed no danger to the community because a detainer lodged against Colon had remained in effect since the time of his arrest. The District Attorney further voiced concern that the hearing involved substantially similar issues of fact to those at play in an imminent trial, undermining the prosecution. *See* Hearing Transcript, 2/22/2019, at pp. 20-23. The VOP court was advised that a trial on Colon's drug possession charge was scheduled to take place within weeks.

The VOP court denied the motion to continue the violation hearing, reasoning that it had repeatedly been delayed and that it was in the court's discretion to go forward. The District Attorney indicated that it would not call or question the police officers who were being offered as witnesses to Colon's alleged probation violations. ***See id***. at pp. 48-49. However, the VOP court

again threatened the District Attorney with contempt charges, including incarceration, if it did not elicit testimony as evidence against Colon. *Id*. at p. 49.

The District Attorney proposed for the officers to be called to the stand so that the VOP court could question them directly, at which point the VOP court accused the District Attorney of obstructing the proceedings due to bias in favor of the defense. *Id*. at pp. 49-52. The District Attorney was ultimately not held in contempt because a compromise was reached with the VOP court where witnesses would be called by the District Attorney but then questioned by the VOP court. The District Attorney then began calling witnesses, doing so over his own objection. *Id*. at p. 56.

Two police officers testified consistently at the hearing that they made undercover drug purchases from a third party (Nelson Medina) at a home located at 3415 E. Street in Philadelphia. Based on those transactions, the police were granted a warrant to search the home and, upon entering, they discovered Colon sleeping in a second-floor bedroom. The police patted down Colon's person and found several small packages of cocaine. They also searched nearby rooms and found a firearm, other drugs and a cable bill bearing Colon's name. A picture of Colon was also found in the home.

Prior to executing the warrant, police did not know that Colon would be present and they had seen no indication that Colon had participated in the

distribution of drugs. The officers also had no reason to think that Colon could be armed at the time he was patted down.

A "bulge" in Colon's pants, which was found to be caused by bags of cocaine, was not noticed by police until after the frisk began:

> **Defense counsel**: A the time that you patted him down, could you see any bulge or any sign that he was armed?
>
> **Officer**: I think I already answered that to say no.

*Id*. at p. 98. The officer clarified further that once the bulge was detected during the frisk, the officer's only concern was that it could be narcotics. He testified that it was department policy to always search individuals present during the execution of a warrant.

The defense moved to suppress the evidence obtained by the police during the pat-down search, arguing there was no indication prior to the search that he was armed and dangerous. The defense also pointed out that since no technical violations of probation had been alleged, the evidence was insufficient to establish that Colon had violated any probationary terms.

The VOP court denied the motion to suppress the fruits of the pat-down search. It went on to find that Colon had committed two probation violations that warranted revocation. The first was the possession of drugs (a new criminal offense) and the second was based on a change of address without notifying the Probation Department (an uncharged technical violation). *See* 1925(a) Opinion, 10/8/2019, at 17-19; Hearing Transcript, 2/22/2019, at pp. 112-13.

About two weeks after the violation hearing and finding of violation but prior to sentencing, Colon's criminal case was closed, with all counts being dropped or dismissed pursuant to the speedy trial rule. Accordingly, the Probation Department recommended to the VOP court that Colon be allowed to continue serving probation. *See Gagnon II* Summary, 4/23/2019.

Contrary to that recommendation, the VOP court revoked Colon's probation, finding that the conduct underlying the drug possession charge and unreported change of address justified a prison term of total confinement. Colon received nearly the maximum possible sentence on his two convictions, totaling a prison term of 5.5 to 14 years.

A timely motion to vacate revocation or to modify the sentence was denied. A notice of appeal was filed; as was a 1925(b) statement. In his appellate brief, Colon raises the following three issues:

> 1. Where the only charged violation was a "potential direct violation" based on a new pending case, was it not an abuse of discretion and violation of due process in the circumstances of this case for the judge to *sua sponte* order a [probation violation hearing], and, then refuse to void the resulting revocation when the underlying new criminal charge was dismissed.?
>
> 2. Did not the [trial] court err in denying suppression of drugs taken from [Colon] because police violated his constitutional rights when, for the routine purpose of officer safety, they frisked him without reasonable suspicion that he was armed and dangerous, and searched him without probable cause?
>
> 3. Was it not a violation of statutory law and due process protections when the [trial] court revoked probation based on uncharged and unproven violations of alleged probation conditions?

Appellant's Brief, at 2.

Although the Commonwealth argues in its brief that Colon was legally searched, it agrees with him that the VOP court's order should be overturned. The Commonwealth contends that the VOP court abused its discretion in holding the violation hearing prior to the resolution of Colon's pending case.[3] Moreover, the Commonwealth agrees that the order on review should be vacated because the VOP court found Colon violated probation due to an unreported change of address despite that he never received notice that the violation hearing would encompass any such technical violations.

**II.**

The preliminary issue before us is whether the VOP court erred in holding Colon's violation hearing prior to the resolution of a pending charge that was an alleged basis for probation revocation.[4] Both Colon and the

---

[3] Much of the Commonwealth's brief concerns the animus Judge Coyle directed at the Philadelphia County District Attorney, but Colon, who is the sole appellant, has not adopted the claim that his probation revocation and sentence should be overturned on that particular ground. We note, though, that Judge Coyle's conduct toward the District Attorney looms large in a pending case. **See Commonwealth v. Mayfield**, 224 A.3d 718 (Pa. Super. 2019) (transferring case to Pennsylvania Supreme Court to determine whether Judge Coyle erred in dismissing District Attorney from case and appointing a special prosecutor due to dispute over whether probation violation hearing should go forward).

[4] "Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." **Commonwealth v. Perreault**, 930 A.2d 553, 557 (Pa. Super. 2007); **see**

Commonwealth urge us to find that where they mutually agree that a violation hearing should be deferred until a new criminal case has been resolved, the VOP court should be required to wait, rendering any premature revocation a legal nullity.

**A.**

The statute which governs the revocation of probation provides that once a judgment of sentence has been entered against a defendant, the court retains authority to modify the terms while the sentence is being served:

> The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety.

42 Pa.C.S. § 9771(a). Probation may be revoked if a court finds, by a preponderance of the evidence, that the probationer either: 1) violated a specific condition of his or her probation; or 2) engaged in criminal conduct. *See Commonwealth v. Foster*, 214 A.3d 1240, 1243 (Pa. 2019); *see also* 42 Pa.C.S. § 9771(c) (permitting a sentence of total confinement upon revocation where defendant has been convicted of a new offense or conduct indicates likelihood of future crimes).

---

*also* 42 Pa.C.S. § 9771(b). "Revocation of a probation sentence is a matter committed to the sound discretion of the VOP court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. 1996).

At the violation hearing, sufficient evidence of probative value must be presented to demonstrate that a violation of probation occurred. *See Commonwealth v. Allhouse*, 969 A.2d 1236, 1240 (Pa. Super. 2009). "Absent such evidence, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct." *Foster*, 214 A.3d at 1243. "Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity." *Id*. at 1251.

At a violation hearing, a probationer's due process rights include the following:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617-18 (Pa. Super. 2000).

Additionally, this Court has recently held that where a defendant is acquitted of a criminal charge which was the sole basis for a probation revocation, probation must be reinstated. *See Commonwealth v. Giliam*, 223 A.3d 863, 867 (Pa. Super. 2020) (holding that since "violation of

- 10 -

probation was based solely on allegations of new criminal charges for which [probationer] was later acquitted, ultimately, no violation of probation occurred.").

**B.**

As to the timing of a violation hearing where new criminal charges are pending, our Supreme Court has repeatedly stated that it is preferable but not required for a violation hearing to take place after a trial on the new charges has concluded. *See e.g., Commonwealth v. Brown*, 469 A.2d 1371, 1376 (Pa. 1983); *Commonwealth v. Burrell*, 441 A.2d 744, 746 (Pa. 1983). "[I]t is clear that there is no statutory restriction in this State that would prevent the court from holding a hearing where the alleged violation is the commission of an offense during the probationary period prior to the trial for the subsequent offense." *Commonwealth v. Kates*, 305 A.2d 701, 706 (Pa. 1973).

A central reason for our Supreme Court's preference is that deferring the violation would help "avoid the risk of entering a VOP sentence that would ultimately be void if the defendant were acquitted of the new charges." *Commonwealth v. Infante*, 888 A.2d 783, 793 (Pa. 2005), *abrogated on other grounds by Commonwealth v. Foster*, 214 A.3d 1240, 1243 (Pa. 2019); *see also Brown*, 469 A.2d at 1376; *Commonwealth v. Davis*, 336 A.2d 616, 623 (Pa. Super. 1977).

Here, the Probation Department submitted to the VOP court a **Gagnon II** Summary outlining potential violations of Colon's probation, including new criminal offenses. Although the District Attorney sought to delay the violation hearing until the new charges were resolved, the VOP court opted to press forward while they were still pending. Approximately one month after the violation hearing was held and before the sentencing, all the new charges were either dropped or barred by the speedy trial rule.

Nevertheless, we can find no error in the VOP court's decision to hold the violation hearing because it was a matter of judicial discretion. The violation hearing was not "prosecutorial" in nature, as it related to the terms of Colon's ongoing probationary sentence and the propriety of allowing him to continue serving his sentence outside of state custody.

As long as Colon remained on probation, Section 9771(a) gave the VOP court authority to hold a violation hearing, make findings of fact and determine whether supervised release should continue in light of alleged violations. **See** 42 Pa.C.S. § 9771(a) (outlining court's inherent power to revoke probation). Nothing in the District Attorney's statutory mandate indicates the contrary. Accordingly, neither the defense nor the District Attorney had a say in when

or whether the VOP court could proceed against Colon once his new criminal charges were reported by the Probation Department.[5]

**C.**

The dismissal of Colon's criminal charge for possession does not entitle him to a reinstatement of probation. This would only be the case if through an acquittal of that charge, Colon had proven that a violation of probation had never occurred. *See Giliam*, 223 A.3d at 867.

The subsequent dismissal of Colon's new case, based on speedy trial grounds, is different from an acquittal because it is a procedural result that does not at all bear on his guilt or innocence. *See Commonwealth v. Banks*, 198 A.3d 391, 403 (Pa. Super. 2018) (holding that where a new criminal charge was *nolle prossed*, "no similar factual resolution occurred"); *see also Commonwealth v. Joe*, 649 WDA 2019 (Pa. Super. August 11, 2020) (unpublished memorandum) (explaining that a *nolle prossed* charge could be used to establish a probation violation if sufficient evidence of criminal conduct is introduced).

At the violation hearing in this case, evidence was elicited showing that Colon illegally possessed controlled substances with intent to distribute them. Even though the speedy trial rule procedurally barred the Commonwealth from

---

[5] As to the VOP court's attempt to dictate to the District Attorney how to proceed against Colon at the violation hearing, we find no legal support for such authority.

prosecuting Colon for that offense, this did not prevent the VOP court from determining, by a preponderance of the evidence, that Colon's criminal conduct made him unsuited for supervised release. *See Foster*, 214 A.3d at 1243; *see also* 42 Pa.C.S. § 9771.

## III.

## A.

We now turn to Colon's substantive arguments. He claims first that the VOP court could not revoke his probation based on possession of a controlled substance because the only evidence that he committed that offense was obtained in violation of his Fourth Amendment right to be free from unreasonable searches.[6] However, the VOP court did not err in finding that the police lawfully obtained that evidence during the execution of a valid warrant to search the home.[7]

---

[6] The exclusionary rule, which bars use of evidence obtained during an illegal search, applies in the context of a probation violation hearing. *See Commonwealth v. Arter*, 151 A.3d 149, 167-68 (Pa. 2016) (holding that under the Pennsylvania Constitution, evidence obtained in violation of probationer's constitutional rights may not be used to prove a probation violation occurred).

[7] "Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Mathis*, 125 A.3d 780, 783 (Pa. Super. 2015).

The warrant alone did not authorize the police to search Colon's person, so some other basis was needed to make the pat-down lawful. Generally, in order for a pat-down to be justified, police must have a well-founded belief that the subject is armed and dangerous. *See generally Ybarra v. Illinois*, 444 U.S. 85, 93-96 (1979); *see also Terry v. Ohio*, 392 U.S. 1, 21-24 (1968); *Commonwealth v. Grahame*, 7 A.3 d 810, 815-17 (Pa. 2010). Police must be able to articulate something more than a generalized suspicion, and mere presence in an area where crime has occurred is insufficient. *See Grahame*, 7 A.3d at 815-17.

At Colon's violation hearing, the officers who searched Colon's person were unable to articulate any reason to think that he was armed and dangerous prior to the frisk. They testified that they saw nothing to indicate that he possessed a weapon or otherwise posed a danger. The officers also confirmed that Colon was not named in the search warrant or previously linked to the circumstances that prompted it.

However, even if we were to find that the police initially exceeded the scope of the warrant when Colon was frisked, the evidence would still be admissible under the doctrine of inevitable discovery. There is no dispute in this case that the police obtained a valid warrant to search the home that Colon was occupying. Police were granted the warrant after staging a number of drug purchases at that location. While they were legally in the home executing the warrant, police found firearms, controlled substances and

evidence that Colon at least occasionally resided in the home. All of this evidence was recovered by police independently of their frisk of Colon's person.

When it can be established "by a preponderance of the evidence that the illegally obtained evidence ultimately or inevitably would have been discovered by lawful means, then the evidence is admissible." *Commonwealth v. Gonzalez*, 979 A.2d 879, 890 (Pa. Super. 2009); *see also Commonwealth v. Bailey*, 986 A.2d 860, 862 (Pa. Super. 2009) (same).

This test is clearly met because even had Colon not immediately been frisked when police first encountered him, all of the other incriminating evidence found in the home would have justified a search of his person incident to arrest. Once the police obtained a valid warrant and entered the home, it is more likely than not that the drugs in Colon's pocket would have been discovered, making that evidence admissible to prove a probation violation.

Further, the frisk was lawful because police may detain and search a probationer's person as long as there is "reasonable suspicion to believe that [he] possesses contraband or other evidence of violations of the conditions of supervision." 42 Pa.C.S. § 9912(d)(1)(i). Colon was serving probation at the time of the pat-down. As such, he would have been subject to a search of his person even without the officers having reason to believe he was armed and

- 16 -

dangerous. Under the circumstances outlined above, the police had reasonable suspicion that Colon possessed contraband or evidence of a probation violation at the time he was searched. Consequently, the VOP court did not err in finding the fruit of the search admissible at the violation hearing and relying on it as grounds to revoke Colon's probation.[8]

## B.

Next, Colon argues that the VOP court erred in revoking his probation based on a technical violation – unreported change of residence – that had never been formally alleged prior to the violation hearing. When Colon's violation hearing began, the only potential violation concerned the alleged commission of a new criminal offense.

Both the Commonwealth and Colon argue that no evidence was adduced at the violation hearing showing that Colon's probationary terms required him to report a change of address. The assigned probation officer did not appear at the violation hearing, and the summaries of potential probation violations submitted to the VOP court never included the failure to report a change of address.

---

[8] Neither the Commonwealth in its brief nor the VOP court in its opinion specifically referenced the inevitable discovery doctrine or Colon's status as a probationer to justify the pat-down, but the ruling on the admissibility of the evidence may be affirmed on alternative grounds. *See Commonwealth v. Bostick*, 958 A.2d 543, 559 (Pa. Super. 2008).

By nevertheless finding Colon in violation of his probation based on that conduct, the VOP court erred. ***See Morrissey v. Brewer***, 408 U.S. 471, 488-89 (1972) (holding that due process requires advance written notice of potential parole violations); ***Kates***, 305 2d at 709 n.10 (applying ***Morrissey*** to probation proceedings).

It is well established that a court cannot consider unalleged technical violations when revoking probation and imposing sentence. ***See Commonwealth v. Carver***, 923 A.2d 495, 499 (Pa. Super. 2007) (reversing order of probation revocation and remanding to give court "opportunity to analyze whether Appellant's probationary conduct warrants revocation under the applicable legal mandates."); ***Commonwealth v. Alexander***, 331 A.2d 836, 838-39 (Pa. Super. 1974) (reversing revocation order for new hearing where probationer was notified of substantive, but not technical, violations of probation).[9]

Even if the VOP court had revoked Colon's probation and imposed the sentence solely due to his new criminal conduct, the sentence may still be found invalid due to consideration of an impermissible sentencing factor:

_____

[9] In its 1925(a) opinion, the VOP court also mentioned for the first time that Colon's unpaid court fees were a technical violation justifying revocation. ***See*** 1925(a) Opinion, 10/8/2019, at 28. Neither this additional technical violation nor any other technical violation was ever alleged in a ***Gagnon II*** summary, and for the same reasons as those outlined above, the VOP court erred in considering unpaid fees at the violation hearing and sentencing.

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

*Commonwealth v. Dugan*, 483 A.2d 965, 969 (Pa. Super. 1984) (quoting

*Commonwealth v. Bethea*, 379 A.2d 102, 106-07 (Pa. 1977)).

Our Supreme Court has clarified that resentencing may be required as a matter of law where the impermissible factor arises from the violation of a constitutional right, as is the case here, because the error relates directly to the sentence's legality rather than a discretionary aspect of the sentence. *See generally Commonwealth v. Smith*, 673 A.2d 893, 896 (Pa. 1996) (affirming sentence despite consideration of impermissible factor because it did "not implicate constitutional rights" and sentence was otherwise justified by proper factors).[10]

In numerous cases, we have held that where a court conducts a sentencing in reliance on previously undisclosed facts in violation of

---

[10] Where an appellate claim involves a discretionary aspect of a sentence, the issue must be raised in accordance with Pa.R.A.P. 2119(f), and the claim must be reviewed under an abuse of discretion standard. *See generally Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013); 42 Pa.C.S. § 9781(c)-(d). In his brief, Colon only asserted error in terms of the illegality of his sentence and not that the sentence was an abuse of discretion by the VOP court.

constitutional due process rights, the sentence must be vacated. *See e.g., Commonwealth v. Schwartz*, 418 A.2d 637, 638-39 (Pa. Super. 1980) (resentencing required where judge relied on *ex parte* information that was not disclosed to the defendant, depriving him the chance to dispute it); *Commonwealth v. Rhodes*, 990 A.2d 732, 746-48 (Pa. Super. 2009) (resentencing required where defendant did not have notice court would be considering police reports not introduced to the record or disclosed to counsel); *see also Commonwealth v. Cooper*, 499 MDA 2016 (Pa. Super. November 22, 2016) (unpublished memorandum) (ordering resentencing where court did not notify defendant ahead of sentencing hearing that photographic evidence would be taken into account).

At the violation hearing in this case, the VOP court announced that Colon had violated his probation by failing to report that he had changed his address. The finding of this technical violation deprived Colon of his due process right to notice of all alleged violations. Had Colon known that a change of address would be at issue, he could have been better able to refute that fact.

Because the VOP court's reliance on an unalleged probation violation is impermissible and a clear violation of Colon's constitutional rights, we must remand the case so that he may be resentenced based only on valid considerations, including Colon's criminal conduct while serving probation. On

remand, Colon would be permitted to seek the recusal or disqualification of the presiding judge.[11]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2021

---

[11] Colon has not briefed the issue of whether Judge Coyle should have been recused or disqualified so that issue cannot be resolved here. However, Colon may seek such relief at a later point. *See Commonwealth v. Lucky*, 229 A.3d 657 (Pa. Super. 2020) (ordering resentencing and denying request for a different judge because the issue was not raised on appeal, but permitting Colon on remand to request recusal of Judge Coyle). In doing so, Colon would not be barred from citing Judge Coyle's previous animus toward the District Attorney. *See Commonwealth v. Brown*, 3234 EDA 2018, at *12 (Pa. Super. August 7, 2020) ("[T]he record shows that Judge Coyle exhibited a personal interest in the resentencing sufficient to invalidate the proceedings based upon an impermissible appearance of partiality and ill will."). Judge Coyle's treatment of Colon and defense counsel may also be relevant. *See id.*; *see also* 1925(a) Opinion, 10/8/2019, at 27 (mischaracterizing Colon's non-frivolous suppression grounds as an "absurd assertion [that] presented nothing more than a blatant effort to disguise the full extent of his violating and criminal conduct[.]").